FILED'06 MAY 17 16:20USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTHONY J. SCHALK, ) | Civil No. 05-275-JO |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| UNITED PARCEL SERVICE, INC., an Ohio ) | |
| corporation, and a New York corporation, ) | |
| ) | |
| Defendant. ) | |

George P. Fisher
GEORGE P. FISHER, PC
3635 S.W. Dosch Road
Portland, OR  97239

    Attorney for Plaintiff

Calvin L. Keith
Stephanie K. Hines
PERKINS COIE, LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128

    Attorneys for Defendant

JONES, Judge:

Plaintiff Anthony Schalk brings this action against his former employer, defendant United Parcel Service ("UPS"), alleging a claim for breach of a collective bargaining agreement ("CBA") under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

The case is before the court on defendant's motion for summary judgment (# 21). Defendant's motion makes both a legal argument and a factual argument as to why plaintiff's claim fails. The legal issue is whether plaintiff may maintain an action for breach of the CBA against defendant where he concedes that the Union provided him with fair representation. See Defendant's Concise Statement of Fact, ¶ 21; Plaintiff's Concise Statement of Fact, ¶ 21. For the reasons explained below, I conclude that plaintiff's claim fails and therefore grant defendant's motion. Because my decision turns on the legal issue, I do not reach the parties' factual disputes.

## FACTUAL BACKGROUND

Because I resolve the pending motion on an issue of law, I set forth only the basic undisputed factual background here. Plaintiff worked for UPS in Portland, Oregon, as a package car driver. Plaintiff was a member of the Teamsters Local 162 Union. His employment with defendant was governed by a collective bargaining agreement ("CBA") between defendant and the Union. Among other things, the CBA requires arbitration of disputes, including termination. The CBA also provides, as relevant, that an employee may be discharged for "dishonesty" without a warning letter, and "[t]he Union shall not be required to process employee grievances if, in the Union's opinion, such lack merit." Defendant's Concise Statement of Fact, ¶¶ 1, 2; Plaintiff's Concise Statement of Fact, ¶¶ 1, 2.

In August 2003, defendant terminated plaintiff on a charge of dishonesty for falsely recording how he delivered packages. Defendant and Union representatives met, and reduced the discipline to a five-day suspension. Plaintiff returned to work in September 2003, at which time he received some instruction in proper recording methods for so-called "smalls packages."[1] Defendant's Concise Statement of Fact, ¶ 6; Plaintiff's Concise Statement of Fact, ¶ 6.

Over the next several weeks, defendant monitored plaintiff's recording of packages. After investigation into plaintiff's alleged failure to properly record smalls, on September 26, 2003, defendant's representatives met with plaintiff and a Union representative. At the meeting, defendant terminated plaintiff on a charge of dishonesty.

Plaintiff filed a grievance with the Union over his termination. In October 2003, plaintiff, a Union representative, and defendant's representative met and discussed plaintiff's termination but were unable to resolve their differences. The Union then took plaintiff's grievance to a panel hearing, where a committee made up of Union representatives and defendant's representatives heard plaintiff's case, although plaintiff did not testify on advice of his Union representative. The panel deadlocked, unable to reach consensus on a decision.[2] Because of the deadlock, the Union had the option to proceed with plaintiff's case to arbitration.

The Union has an arbitration committee that reviews the facts of each case and decides whether to proceed further. Based on an investigation by counsel and on his advice, a three-

---

[1] "Smalls" are letter-sized packages that the customer puts in a container so that multiple packages can be transported at one time. Defendant has drivers use a special code ("Code 99) for recording time for handling smalls. Defendant's Concise Statement, ¶ 7.

[2] The parties agree that it is not uncommon for the panel to deadlock.

3 - OPINION AND ORDER

member Union arbitration panel decided not to proceed with plaintiff's case. The Union committee brokered a settlement on plaintiff's behalf, which he rejected.

In February 2005, plaintiff, acting *pro se*, filed this action.[3] His complaint alleges a single claim for breach of the CBA against defendant only, and does not name the Union.

## STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.W. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

---

[3] Plaintiff is now represented by counsel.

## DISCUSSION

Defendant's primary argument in favor of summary judgment is that plaintiff may not prevail on his section 301 claim without alleging and proving that his Union breached its duty of fair representation. Defendant is correct.

In a long line of published and unpublished opinions,[4] the Ninth Circuit has adhered to Supreme Court precedent[5] establishing that where, as here, the relationship between the parties is governed by a CBA that contains grievance and arbitration procedures that are to be exclusive, an employee may not maintain a claim against the employer for breach of the CBA if the Union provided fair representation. See, e.g., Johnson v. U.S. Postal Service, 756 F.2d 1461, 1467 (9th Cir. 1985); Slevira v. Western Sugar Co., 200 F.3d 1218, 1222 (9th Cir. 2000)(per curiam); Stevens v. Moore Business Forms, Inc., 18 F.3d 1443, 1447 (9th Cir. 1994); see also cases cited in footnote 5.

Thus, an employee's action under section 301, often called "hybrid" suits because the action involves two potential suits, is "a suit against the employer for breach of the collective bargaining agreement under section 301 and a suit against the union for breach of the duty of fair representation under the NLRA." Moore v. Local Union 569 of the IBEW, 989 F.2d 1534, 1541 n.2 (9th Cir. 1993). The two claims in such cases are "inextricably intertwined":

---

[4] Although they may not be cited, unpublished Ninth Circuit opinions on this issue are abundant and may readily be found on Westlaw.

[5] Hines v. Anchor Motor Freight, Inc., 424 U.S. 554 (1976)(to prevail against the employer, plaintiff must show breach of duty by the Union); Vaca v. Sipes, 386 U.S. 171, 186 (1967); see also DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 164-65 (1983), discussed infra.

5 - OPINION AND ORDER

> To prevail against either the company or the Union, . . . [the employee] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.

DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 164-65 (1983)(internal quotations and citation omitted). The employee may sue one defendant and not the other, "but the case he must prove is the same whether he sues one, the other or both." Id. at 165.

Vaca v. Sipes, 386 U.S. 171 (1967), presented a situation similar to that presented here. The union, which had "sole power under the contract to invoke the higher stages of the grievance procedure," decided not to take the employee's claim to arbitration. 386 U.S. at 185. Faced with the conflicting interests of the employee and the employer, the Court resolved the conflict by holding that "an employee's failure to exhaust the contractual grievance procedures would bar his suit except when he could show that the union's breach of its duty of fair representation had prevented him from exhausting those remedies." Bowen v. U.S. Postal Service, 459 U.S. 212, 221-222 (1983)(citing Vaca, 386 U.S. at 185).

In Hines v. Anchor Motor Freight, Inc., 424 U.S. 554 (1976), the Supreme Court explained that a union's breach of the duty of fair representation "removes the bar of the finality provisions of the [CBA]," thereby allowing an employee to pursue a claim for breach of the CBA without first exhausting all grievance procedures. 424 U.S. at 567-68.

Plaintiff contends that the Union's decision not to take his claim to arbitration exhausted his remedies, allowing him to pursue his claim solely against defendant. That argument is foreclosed by Vaca and Hines. A union's decision not to pursue a grievance based on lack of merit is "considered an exercise of its judgment," Stevens, 18 F.3d at 1447, and as such, provides

6 - OPINION AND ORDER

the basis for a fair representation claim only if the employee proves the union's conduct was "discriminatory or in bad faith." See, e.g., Stevens, 18 F.3d at 1448.[6]

In this case, plaintiff concedes that his Union did not breach the duty of fair representation. That concession bars his section 301 claim against defendant. Consequently, defendant's motion for summary judgment is granted.

## CONCLUSION

Defendant's motion (# 21) for summary judgment is granted and this action is dismissed. Any other pending motions are denied as moot.

DATED this 17th day of May, 2006.

_____
ROBERT E. JONES
U.S. District Judge

---

[6] Plaintiff's reliance on Smith v. Evening News, 371 U.S. 195 (1962), and Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965), is misplaced. In Smith, the CBA did not contain an arbitration provision. As a result, the employee's right to bring a claim was unqualified. Smith, 371 U.S. at 200-201. And Maddox merely underscores that an employee must exhaust the contractual grievance and arbitration procedures before filing a section 301 action. Neither case stands for the proposition that plaintiff in this case can bring a section 301 claim against his employer without alleging and proving the Union's breach of the duty of fair representation.

7 - OPINION AND ORDER